UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK RAYMOND CRETNEY,                    CRIMINAL ACTION NO. 03-80401

                    Petitioner,          CIVIL ACTION NO. 05-CV-71526

vs.                                      HON. GEORGE CARAM STEEH

UNITED STATES OF AMERICA,

                    Respondent.
_____/


ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT
SENTENCE UNDER 22 U.S.C. §2255

BACKGROUND

        Petitioner, criminal defendant Mark Raymond Cretney, pled guilty before this

court to one count of mailing threatening communication on January 26, 2004. At the

time of his  sentencing on May 27, 2004, he was sentenced to 87 months in the custody

of the Bureau of Prisons, with three years supervised release. His sentence was

amended on June 16, 2004 to include a recommendation that the defendant participate

in the Comprehensive Drug Treatment Program. Petitioner did not appeal his sentence

to the Sixth Circuit Court of Appeals. Currently before the court is his motion to vacate,

set aside or correct sentence pursuant to 28 U.S.C. § 2255. The court has considered

petitioner's motion, the government's response, and petitioner's reply in their entirety.

For the reasons stated below, petitioner's § 2255 petition is DENIED.

<u>ANALYSIS</u>

Petitioner lists two grounds for his § 2255 motion: 1) denial of effective assistance of counsel, and 2) that the conviction was obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea. Petitioner then lists eighteen facts in support of his motion, however, the court notes, he fails to make clear which facts he uses to support which claim.

The government's response to petitioner's motion claims that petitioner has failed to establish a claim of ineffective assistance of counsel or an unlawfully induced plea. The court agrees with the government's response[1] that the records compiled at petitioner's plea and sentencing hearings directly contradict the assertions made in his motion, that petitioner has failed to present facts sufficient to lead a reasonable person to conclude his attorney's representation fell below a reasonably objective standard for criminal defense attorneys, that petitioner has not demonstrated prejudice, and that *U.S. v. Booker* may not be applied retroactively.[2]

Concerning petitioner's claim of ineffective assistance of counsel, petitioner has failed to show that his attorney's advice and representation fell below an objective standard of reasonableness as required by *Strickland v. Washington,* 466 U.S. 668, 688

---

[1]The government requested via motion several extensions of time in which to file its response. Petitioner objected to this and asked the court to enter a default judgment in a motion dated August 15, 2005. That request is hereby DENIED. This court granted the government's motions pursuant to FRCP 6(b).

[2]The sixth circuit ruled that *Booker* may not be applied retroactively in *Humphress v. United States,* 398 F.3d 855 (6th Cir. 2005). Nor could petitioner have successfully delayed his sentence until after the Supreme Court's decision in *Booker.*

(1984). As the government's response demonstrates, petitioner's assertions are directly contradictory to his plea colloquy. Petitioner alleges that his attorney did not spend adequate time explaining the plea agreement to petitioner or preparing for sentencing, and that he promised petitioner a maximum sentence of four years six months (54 months). At the time of his plea, however, petitioner represented to the court that he was satisfied with his counsel, that he understood the guideline range for his sentence was 87-108 months with an agreed upon cap of 98 months, and that no one had promised him anything outside of the plea agreement. (1-26-04 Plea Hearing Tr., p. 2-5.)

Petitioner also claims that his attorney made him promises that were never fulfilled, and asserts that these omissions resulted in a longer sentence than petitioner would have received had his attorney followed though. Initially, petitioner states his counsel told him he would obtain medical records for petitioner and petitioner's son to be used in moving the court for a downward departure from the sentencing guidelines. However, the court notes that it heard arguments regarding the appropriateness of a downward departure, and found that even if petitioner did suffer from MS or lupus and his son suffered from ADHD it was not so extraordinary as to remove him from the heartland of defendants. Therefore, even if his attorney had provided the court with medical documents it would have had no impact on the length of his sentence.

Petitioner further asserts that his attorney promised to have the remaining four counts of the indictment dropped at sentencing, but never did. However, his attorney was, in fact, successful in getting these charges dropped. Petitioner was sentenced for one offense with a level of 28. This was increased to 32 in light of the other four

3

offenses, which is different from being sentenced for all five counts, which would have brought his offense level to 130 points. That claim is therefore without merit. Petitioner also alleges that the wrong dollar amount was used in calculating the offense level, and that his attorney should have challenged the two point enhancement for possession of firearms removed. However, both items were known to petitioner before he signed he plea agreement, and petitioner fails to assert that the guns were not in his possession. These claims are likewise meritless.

For these reasons, petitioner has also failed to prove he was prejudiced in any way, as required for a showing of ineffective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). In order to prove prejudice, the petitioner must declare that, if not for his attorney's erroneous advice,  he would have forgone a plea and insisted on trial. *Hill v. Lockhart,* 474 U.S. 52, 60 (1985).  Here, petitioner claims that his attorney told him the court had the authority to approve him for a drug rehabilitation program that could take a year off his sentence, when in fact the court can recommend the drug rehabilitation program but final approval rests with the Bureau of Prisons (B.O.P.). Petitioner asserts that had he known the "truth" about the program he does not "know that [he] would have signed it". The court agrees with the government that this claim falls short of a declaration by petitioner that had he known it would be up to the B.O.P to approve him for the drug program he would have forgone a plea agreement and insisted on a trial. The court further agrees with the government that the instant case is factually similar to *Hill.* In *Hill* the petitioner's attorney mistakenly advised him he would be eligible for parole after serving one third of his sentence, when in fact he would have to serve one half of his sentence because he was a repeat offender. The

4

Supreme Court recognized that giving erroneous advice of this sort would not only affect the defendant's calculation as to how much time he would serve under a plea agreement but also how much time he would serve if he went to trial and was convicted. Like the petitioner's eligibility for parole in *Hill*, the petitioner's eligibility for the drug program is the same whether he went to trial or not. Therefore, absent a credible claim that petitioner would have forgone the plea deal and insisted on a trial, had he known the B.O.P., not the Judge, would make the final determination on his admittance to the drug program, this argument fails.

Finally, as noted above, petitioner lists a second ground in his § 2255 motion: that his plea was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea. In support of this he claims that his attorney told him he would have to find a new attorney if he wished to proceed to trial, which petitioner speculates was because he had paid only half of the attorney's normal fee. However, in his plea colloquy petitioner told the court he was aware of his absolute right to a trial with the assistance of a public defender if he could not afford an attorney. (1-26-04 Plea Hearing Tr., p. 2.) Therefore, assuming such a threat was in fact made, petitioner has failed to show that he was coerced into signing the agreement because he was aware that if he wished to go to trial he would have had an attorney. The court therefore finds this claim to be without merit, as well.

CONCLUSION

5

Because the court finds no merit in either of the grounds on which petitioner brings his §2255 motion, it is hereby DENIED.

IT IS SO ORDERED.

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  February 2, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on February 2, 2006, by electronic and/or ordinary mail.

S/Josephine Chaffee
Secretary/Deputy Clerk

6