UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHER DIVISION

| | |
|---|---|
| MARK RAYMOND CRETNEY, | CRIMINAL ACTION NO: 03-80401 |
| Petitioner, | CIVIL ACTION NO. 05-CV-71526 |
| vs. | HONORABLE GEORGE CARAM STEEH |
| UNITED STATES OF AMERICA, | |
| Respondent. | |
| _____/ | |

## ORDER DENYING DEFENDANT'S MOTION FOR FOR ISSUANCE OF A CERTIFICATE OF APPEALABILITY

### BACKGROUND

Petitioner, Mark Raymond Cretney, pled guilty to one count of mailing threatening communication on January 26, 2004. On May 27, 2004 he was sentenced to 87 months in the custody of the Bureau of Prisons, with three years supervised release. On February 2, 2006 this court denied petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C § 2255. Currently before the court is petitioner's motion for issuance of a certificate of appealability, as required by 28 U.S.C. § 2253(c) for and appeal to the court of appeals. For the reasons stated below, petitioner's motion is DENIED.

### ANALYSIS

Courts should issue a certificate of appealability when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The

Supreme Court has interpreted this to mean that "[t]he petitioner must demonstrate that reasonable jurists would find the districts court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In both of petitioner's *pro se* pleadings, first the § 2255 petition and now the motion for a certificate of appealability, petitioner claims ineffective assistance of counsel which led to a guilty plea that was unlawfully induced. In its order denying petitioner's 28 U.S.C. § 2255 motion, this court found that he failed to satisfy the necessary elements for asserting a claim ineffective assistance of counsel as set forth in Strickland v. Washington, 466 U.S. 669 (1984). The court noted that all of petitioner's claims either constituted harmless error or were directly contradicted by his own testimony at his plea colloquy. Further, petitioner failed to satisfy Strickland's prejudice requirement. Strickland, 466 U.S. at 687. Petitioner failed the test used for determining prejudice set forth in Hill v. Lockhart, 474 U.S. 52, 60 (1985), because he did not declare that he would have forgone a plea and insisted on a trial if not for his attorney's erroneous advice.

Therefore, because petitioner's claims were directly contradicted by the record and fell short of what was required by Strickland and Hill, this court does not find that reasonable minds could find the denial of petitioner's 28 U.S.C. § 2255 motion debatable or wrong.

CONCLUSION

For the reasons stated above, the court hereby DENIES petitioner's motion for a certificate of appealability.

                                            S/George Caram Steeh
                                            GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE

Dated: April 13, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on April 13, 2006, by electronic and/or ordinary mail.

                                            S/Josephine Chaffee
                                            Secretary/Deputy Clerk